UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TONY R. BROWN**,

        Plaintiff,

v.

**CHRYLSER GROUP, LLC**,

        Defendant.

Case No. 13-cv-13194

Hon. Robert J. Cleland

Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| **GOLD STAR LAW, P.C.**<br>**DAVID A. HARDESTY (P38609)**<br>**CAITLIN E. SHERMAN (P76606)**<br>Attorneys for Plaintiff<br>2701 Troy Center Dr., Ste. 400<br>Troy, MI 48084<br>(248) 275-5200<br>dhardesty@goldstarlaw.com<br>csherman@goldstarlaw.com | **JACKSON LEWIS, LLP**<br>**MAURICE G. JENKINS (P33083)**<br>**EMILY M. PETROSKI (P63336)**<br>Attorneys for Defendant<br>2000 Town Center, Ste. 1610<br>Southfield, MI 48075<br>(248) 936-1900<br>maurice.jenkins@jacksonlewis.com<br>petroske@jacksonlewis.com |

## **STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

WHEREAS, parties and non-parties to this action ("Litigation"), have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information ("Discovery Material") that they consider private, Confidential, or proprietary; and

WHEREAS, Chrysler Group LLC ("Defendant"), by and through its counsel, and Plaintiff Tony Brown ("Plaintiff") have agreed, by their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material;

IT IS ORDERED as follows:

1. Documents or information containing Confidential and proprietary business information as well other Confidential information that bear significantly on the parties' claims or defenses may be disclosed or produced during the course of discovery in this litigation. To

protect such information, Plaintiff and Defendant shall have the right to limit access to any documents produced in discovery or other items relevant to this litigation as set forth herein.

2. Plaintiff and Defendant shall have the right to designate as "Confidential" any document or other item relevant to this litigation, including, without limitation, answers to interrogatories and any portion of deposition testimony or other testimony by a witness. However, no documents that are available to the general public can be designated as Confidential.

3. Documents or other tangible items must be designated by conspicuously stamping the word "Confidential" on each page of the designated material. With regard to testimony, a party may designate portions of the record Confidential by notifying the other party on the record at the deposition.

4. Confidential material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    (a) the Court (including any appellate court) and Court personnel;

    (b) court reporters in connection with the taking of a deposition or the transcription of court proceedings;

    (c) attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and the employees of such attorneys to whom it is necessary that the information be disclosed for purposes of this litigation.

    (d) parties to the Litigation and their officers, directors, trustees, and employees.

    (e) the creator and addressees of such Confidential material and persons who received a copy thereof prior to its production in the Litigation;

    (f) anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

    (g) experts, advisors, consultants, and other persons engaged to assist directly in the Litigation.

5. With respect to persons specified in paragraph 4(f) and (g) above, such counsel shall obtain that person's written agreement to be bound by the terms of this Order. With respect to persons specified in paragraph 4(f) and (g) above, any testimony concerning Confidential material shall itself be deemed Confidential. The requirement of obtaining written agreement may be satisfied by obtaining the signature of such person at the foot of a copy of this Order to such person. A person's written agreement to be bound by the terms of this Order is also an agreement to submit to the jurisdiction of the Court solely for purposes of enforcing this Order. Counsel of record for each of the parties to the Litigation shall maintain a file of executed agreements, and such file shall be made available for inspection by counsel for any person claiming Confidentiality upon order of the Court following a showing of good cause.

6. Documents or other items designated as Confidential may only be used in this litigation and for no other purpose. However, nothing contained in this Order shall preclude any party from using its own Confidential material in any manner it sees fit, without prior consent of any party or the Court.

7. Nothing in this Order shall preclude any party from challenging a designation of Confidential by another party. In the event that counsel for any signatory to this Order at any time believes that Confidential material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement. If agreement is not reached within ten business days thereafter, the designating party shall have the burden of moving and may move upon proper notice within ten days to obtain an appropriate protective order. In the event that such a motion is made, any disputed Confidential material shall remain subject to and protected by this Order until such motion is resolved.

8. Documents designated as Confidential shall be filed under seal in accordance with the Court's Local Rules. Before any document marked as Confidential is filed under seal, the filing party shall first consult with the party that originally designated the document as Confidential to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

9. The parties agree that, in the event of production of attorney-client privileged or attorney work product documents or information, such material will be returned to counsel for the producing party and that no claim of waiver shall be asserted by the party to whom the material was produced.

10. If any person in possession of Confidential material is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two business days prior to furnishing such response, and (c) written notice of any hearing or other proceeding relating to such request at least five business days prior to such hearing or other proceeding (unless such person receives less than five business days' notice, in which event notice shall be given the same day as such person receives notice). Nothing herein shall be construed as requiring the person served with any legal process or other request seeking production of any Confidential material to refuse to comply with its legal obligations regarding such process or request.

11. To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

12. Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, each party shall retrieve all copies of materials designated Confidential from the party's own files, and from experts or other persons to whom

the party has provided such materials consistent with this Order, and shall either: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or (2) certify in writing to the designating party that all materials designated Confidential produced by such other party during this action have been destroyed. All material protected by this Order which has been placed in any computer databank, hard drive, or disk shall be completely erased, and any documents listing or summarizing information protected by this Order shall be destroyed within the same period.

13. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

14. In the event that any person shall violate or threaten to violate any of the terms of the Order, the aggrieved party may seek an appropriate remedy from the Court, and no signatory to this Order shall raise as a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

15. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in or the trial of this action. With respect to the use of documents or information designated as Confidential at an evidentiary hearing or trial, the parties shall confer on creating protective measures regarding the use such documents and thereafter will approach the Court to request that it enter such orders as are necessary to govern the use of such documents or information at hearing or trial.

16. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

17. This Order is binding on all parties to this action and on all third parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

SO ORDERED.

  November 13, 2013                                    _s/Robert H. Cleland_____
Date                                                       Hon. Robert H. Cleland

**WE STIPULATE TO THE ENTRY OF THE ABOVE ORDER:**

**GOLD STAR LAW, P.C.**                **JACKSON LEWIS, LLP**

_/s/ David Hardesty w/ consent___      _/s/ Tiffany A. Buckley-Norwood___
**David A. Hardesty P38609**          **Maurice G. Jenkins P33083**
**Caitlin E. Sherman P76606**          **Emily M. Petroski P63336**
Attorneys for Plaintiff                     **Tiffany Buckley-Norwood P69807**
2701 Troy Center Dr., Ste. 400        Attorneys for Defendant
Troy, MI 48084                            2000 Town Center, Ste. 1610
(248) 275-5200                            Southfield, MI 48075
                                              (248) 936-1900

Dated: November 5, 2013