**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Tony R. Brown,

Plaintiff,

v.

Chrysler Group LLC,

Defendant.

Case No. 13-cv-13194
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

_________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]**

This is an employment discrimination case. Pending is defendant Chrysler Group LLC's ("Chrysler") motion for summary judgment. (Dkt. 17.)

I. Background

Plaintiff was diagnosed with cerebral palsy in 1998. On November 1, 1999, plaintiff applied for employment with defendant. As a part of that application, plaintiff agreed to the following:

> [A]ny claim or lawsuit arising out of my employment with, or my application for employment with, [defendant] or any of its subsidiaries must be filed no more than six (6) months

> after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.

(Dkt. 17-9 at 3.)

Defendant hired plaintiff to work at Center Line National Parts Depot ("Mopar"). As a part of his employment, plaintiff was represented by the United Automobile, Aerospace and Agriculture Implement Workers of America ("UAW") union. On January 31, 2010, plaintiff was among a group of workers placed on indefinite layoff from Mopar. On February 1, 2010, plaintiff was reinstated to defendant's Warren Assembly Truck Plant ("WTAP"). At the time of his reinstatement, plaintiff informed his employer that he had a variety of work-related restrictions due to his cerebral palsy. Those restrictions included a requirement for a sit/stand option, back bending for less than sixty-six percent of the shift, standing work for less than sixty-six

percent of the shift, and climbing less than sixty-six percent of the shift. (Dkt. 17-12.)[1]

Plaintiff was placed in a position installing speakers into car doors on the WTAP Trim Shop Door Line, which was the only job that met plaintiff's restrictions. Unfortunately, plaintiff was unable to perform the job due to his legs stiffening up as he pushed his chair up and down the line. WTAP management attempted to find another position that fit his restrictions, and could not. Effective February 2, 2010, defendant placed plaintiff on a Sickness & Accident leave of absence.

On February 3, 2010, plaintiff filed a grievance through the UAW alleging discrimination in violation of the Americans with Disabilities Act ("ADA"). On February 23, 2010, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Dkt. 17-10 at 3.) In that charge, plaintiff alleged that positions existed that could accommodate his restrictions, but he was denied the opportunity for placement and instead placed on the aforementioned leave. (Id.)

[1] Both parties stipulate that plaintiff is disabled within the meaning of the ADA.

In August 2011, defendant's representatives, UAW representatives, and a Grievance Appeal Board Chairman together determined that WTAP Labor Relations would meet with plaintiff to discuss suitable placement opportunities based on his restrictions. The group also interpreted plaintiff's placement rights under the Chrysler-UAW collective bargaining agreement ("CBA") to be restricted to WTAP, with no possibility of transfer to another plant.

Later that month, WTAP's Labor Relations Supervisor and plaintiff's local UAW representative met with plaintiff to discuss placement opportunities. At that meeting, plaintiff requested either a position as a Human Resources intern, a transfer back to Mopar, or an hourly desk job not within defendant's control. Plaintiff interpreted (and continues to interpret) the CBA to have no restriction on his transfer back to Mopar other than seniority rules precluding his transfer if a more senior employee made the same request.

The Human Resources intern position did not exist at WTAP. Due to defendant and WTAP's interpretation of the contract, no attempt was made to transfer defendant back to Mopar. WTAP's Labor Relations Supervisor attempted to find other positions within WTAP that fit

plaintiff's restrictions, but none were available. WTAP's disability representative and plaintiff's union representative concurred in this conclusion.

On August 31, 2011, plaintiff requested a "Right to Sue" Letter from the EEOC. On September 21, 2011, plaintiff received his Notice of Right to Sue from the EEOC and withdrew his grievance in full and complete settlement of the claim. (Dkt. 17-10 at 6, 17-15 at 11.) An EEOC Notice of Right to Sue requires that a suit must be filed in federal or state court within ninety days of receipt, or the right is lost. (Dkt. 17-10 at 6.) Plaintiff did not file suit within ninety days of September 21, 2011.

On October 27, 2011, plaintiff submitted a transfer request, on a form designated as Transfer Request – Section 67(B), for transfer to Mopar, which was valid as a request for one year. (Dkt. 21-8.) On October 10, 2012, plaintiff filed a second EEOC charge, alleging that he had been denied reinstatement and transfer to Mopar on or about August 9, 2012, in violation of the ADA. (Dkt. 21-10.) On April 29, 2013, the EEOC dismissed the complaint and issued another Notice of

Right to Sue with the same ninety-day restriction on filing suit in federal or state court. (Dkt. 21-7.)

Plaintiff filed suit on July 25, 2013, alleging violation of the ADA. Defendant filed its motion for summary judgment on May 5, 2014. Oral argument was held on September 15, 2014.

## II. Standard of Review

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir.2002)).

## III. Analysis

Defendant argues that plaintiff's ADA claim is time-barred. It views plaintiff's claim as arising from his 2010 EEOC charge and the

September 21, 2011 Notice of Right to Sue letter, which limited his time to sue to 90 days after the letter was issued. Defendant argues that suit should therefore have been filed by December 20, 2011. In the alternative, defendant argues that the claim is barred by the six-month statute of limitations that plaintiff agreed to in his employment application.

Plaintiff, in turn, argues that he is instead asserting a claim based on his October 10, 2012 EEOC charge and the corresponding April 29, 2013 Notice of Right to Sue letter. Because he brought suit within ninety days of that letter, plaintiff contends that his suit was therefore timely filed.

A plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e)(1). The parties agree that the 300-day limit applies here. The ADA, 42 U.S.C. § 12101 *et seq.*, as set forth in the EEOC Notice of Right to Sue letters, requires that a plaintiff file suit within ninety days after the letters are issued. Additionally, the Sixth Circuit has upheld the six-month statute of limitations contained in defendant's

application. *See, e.g.*, *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357 (6th Cir. 2004); *Steward v. New Chrysler*, 415 Fed. Appx. 632, 638 (6th Cir. 2011).

As a threshold matter, any attempt by plaintiff to sue based on the 2010 EEOC charge is time-barred. At most, plaintiff had until December 20, 2011 to file suit based on the allegations contained in that charge of discrimination.

The Court works from the following timeline, based on the facts stated above and in plaintiff's complaint:

| Date | Event |
|---|---|
| February 2, 2010 | Plaintiff placed on disability |
| February 23, 2010 | Plaintiff files EEOC charge |
| August 31, 2011 | Plaintiff requests Notice of Right to Sue letter |
| September 21, 2011 | EEOC issues Notice of Right to Sue letter |
| October 27, 2011 | Plaintiff files Transfer Request – Section 67(B) for transfer to Mopar |
| December 11, 2011 | Initial date of discrimination alleged in plaintiff's complaint (Dkt. 1 at ¶ 20) |
| August 9, 2012 | Date of discrimination alleged in plaintiff's second EEOC charge |
| October 10, 2012 | Plaintiff files second EEOC charge |

| | |
|---|---|
| October 27, 2012 | Transfer Request – Section 67(B) expires |
| April 29, 2013 | EEOC issues second Notice of Right to Sue letter |
| July 25, 2013 | Plaintiff files suit |

Plaintiff alleges numerous dates on which the same act of discrimination, the failure to accommodate through transfer, occurred: December 11, 2011 in the complaint filed in this Court, and August 9, 2012 in his second EEOC charge. Defendant argues in its motion that each of those dates is simply fabricated in an effort to revive the original act of alleged discrimination that occurred on February 2, 2010.

Plaintiff, in an effort to make sense of this web of dates, argues in his response that defendant never actually *denied* a transfer, but instead simply failed to fulfill a continuing obligation to accommodate plaintiff. That obligation, plaintiff argues, arose on October 27, 2011, when he submitted his request for a transfer. In an effort to cast his claim as timely, plaintiff further argues that he filed his EEOC charge on October 10, 2012, before the expiration of the transfer request on October 27, 2012. According to plaintiff, this means that the six-month limitation in his employment application was also satisfied. The Court understands the plaintiff to be arguing that the actual denial of his

transfer would only have occurred on October 27, 2012, once the request for transfer expired.

Starting with the first relevant date, plaintiff's February 23, 2010 EEOC charge states that he had "worked at several other plants where [his] current restrictions have not been changed since [his] employment began, but was always accommodated. [He was] aware of positions that would accommodate [his] restrictions, but [he] was denied the opportunity for placement." (Dkt. 17-10 at 3.) Plaintiff does not directly refer to any request for a transfer in that complaint, although defendant contends that he does.

In plaintiff's response to the motion for summary judgment, he argues that he is challenging "Chrysler's failure to grant him a *transfer* to a position which he can perform within his physical restrictions." (Dkt. 21 at 18 (emphasis in original).) He then states that "Chrysler *remains obligated* to place Brown in an available position which he could perform with or without reasonable accommodation *as long as he remains a Chrysler employee on disability leave status*." (Id. at 19 (emphasis in original).) As a basis for Chrysler's obligation, which plaintiff contends includes transferring him to a different facility,

plaintiff cites the February 2, 2010 layoff notice defendant gave to him. (Id.; Dkt. 21-2.)

To summarize, plaintiff argues that Chrysler had a continuing obligation to accommodate him, including transferring him to Mopar. That obligation arose on February 2, 2010. However, when plaintiff filed his February 23, 2010 EEOC charge, and claimed that he was denied the opportunity for placement in suitable jobs, plaintiff argues that he was not referring to jobs requiring a transfer, but instead to jobs at WATP. However, in his response, plaintiff "states that there was no job at the WATP which he could perform within the physical restrictions caused by his disability and imposed by his physicians." (Dkt. 21 at 6.) Additionally, plaintiff stated at deposition that he felt he was "wrongfully denied . . . the right to transfer back to Mopar" in February 2010. (Dkt. 17-6 at 16.)

Accordingly, plaintiff's 2012 EEOC charge alleging failure to accommodate his transfer request is an effort to revive the time-barred allegations contained in his 2010 EEOC charge. Plaintiffs may not revive otherwise time-barred discrimination claims arising from the same event by filing a subsequent EEOC charge. *See Adams v. Tenn.*

*Dept. of Fin. and Admin.*, 179 Fed. Appx. 266, 271 (6th Cir. 2006). Nor may plaintiffs do so by submitting repeated requests for the same accommodation arising from the same allegedly discriminatory decision. *See Young v. Oakland Cnty.*, No. 05-72575, 2006 WL 2124920, at *8 (E.D. Mich. July 27, 2006).

Plaintiff argues that *Young* and similar cases are inapplicable because of defendant's "continuing duty" to place him in a job. In *Young*, the employer repeatedly denied the employee's identical requests for an accommodation, ultimately firing the employee. *Id.* at *5. In his brief, plaintiff maintains that his transfer was never denied, and therefore *Young* is inapplicable, as that case concerned repeated denials of the same request.

Plaintiff's position contradicts the record. First, plaintiff stated at deposition that he believed his transfer request was denied in 2010. (Dkt. 17-6 at 16.) Second, plaintiff has explicitly argued at various points that he was denied accommodation on at least two different dates. In his 2012 EEOC charge, plaintiff states that he has "been denied . . . transfer with a reasonable accommodation" since August 9, 2012. (Dkt. 21-10). Further, plaintiff explicitly states that he is eligible

for work at Mopar, and did not argue that the alleged discrimination was a continuing violation. (Id.) In his complaint, plaintiff states that "[f]rom December 11, 2011 through the present, Defendant has refused to provide accommodation for Plaintiff's cerebral palsy." (Dkt. 1 at 3.) Although the record shows no evidence that defendant took any action regarding plaintiff's requested accommodation on either date, they are still concrete allegations on the record that defendant denied him a requested accommodation of a transfer to Mopar, just as it allegedly did in 2010.

Additionally, plaintiff's argument is internally flawed. In essence, plaintiff's argument is that an employer is liable for a failure to accommodate a disability *even where it has not failed to provide an accommodation*. The basis for liability, therefore, is not the commission of the prohibited act, but instead the plaintiff's desire to be accommodated at some point prior to the employer's determination whether it will accommodate the plaintiff. Because plaintiffs would understandably seek accommodation as soon as possible, a new claim would accrue every day the accommodation was not provided,

regardless of the employer's efforts or lack thereof to accommodate. Any delay whatsoever would create liability. This is simply not the law.

Finally, the Court would still hold the plaintiff's claims to be time-barred even if it believed the 2012 EEOC charge was a separate claim from the 2010 EEOC charge. Plaintiff's complaint alleges that defendant discriminated against him on December 11, 2011. He filed his 2012 EEOC charge on October 10, 2012. The 300-day period for plaintiff to file his charge ran on October 6, 2012. If the Court credits the date plaintiff chose in his complaint, the EEOC charge was untimely filed, and the complaint is time-barred.

The Court, in light of the record and plaintiff's briefing on this motion, also finds that plaintiff is no longer alleging that defendant discriminated against him on August 9, 2012, as stated in the 2012 EEOC charge.

Plaintiff's motivation in this case is entirely understandable. He simply seeks to work, rather than persist in the limbo of indefinite leave. Plaintiff's current claim, however, must be dismissed because it is an attempt to revive an earlier time-barred claim on which he can no

longer sue or recover. Accordingly, the Court must grant summary judgment to the defendant.

## IV. Conclusion

For the reasons stated above, it is hereby ordered that:

Defendant's motion for summary judgment (Doc. 17) is GRANTED; and

Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: December 16, 2014
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 16, 2014.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager